572 P.2d 879

**David HUTCHERSON,
Plaintiff-Appellant,**

v.

**Cecil AMEN, Robert Amen, Edith
Thompson and Brent Thompson,
Defendants-Respondents.**

No. 12546.

Supreme Court of Idaho.

Dec. 28, 1977.

Susan Porter-McClard of Webb, Burton, Carlson & Pedersen, Twin Falls, for plaintiff-appellant.

Parsons & Smith, Burley, Donald Chisholm of Goodman, Duff & Chisholm, Ling & Nielson, Rupert, for defendants-respondents.

McFADDEN, Chief Justice.

Plaintiff-appellant, David Hutcherson, seeks recovery of damages for personal injuries from defendants Cecil Amen, a minor, Robert Amen, his natural father, and from defendants-respondents Edith Thompson, young Amen's natural mother, and Brent Thompson, his stepfather. This appeal is from a summary judgment in favor of Brent and Edith Thompson (herein referred to as respondents Thompson), who were dismissed from the action; the action against defendants Cecil Amen and Robert Amen remains pending before the district court.

■ The controversy involves an October 21, 1975, hunting accident in which appellant was severely injured by the accidental discharge of a high-powered hunting rifle. Appellant and four companions, including Cecil Amen, were deer hunting in a pickup with mounted camper shell, registered to Robert Amen. The accident occurred when appellant, driving the Amen vehicle, drove over a bump causing a gun lying in the

camper shell to discharge, wounding appellant in the back. Cecil Amen had borrowed the rifle from a friend and had failed to unload the rifle before placing it in back of the camper shell.

On March 29, 1976, appellant initiated this action seeking recovery of damages caused by the alleged negligence of Cecil Amen. Appellant also sought to impute this negligence to defendant Robert Amen, and respondents Thompson. Appellant's complaint alleges that defendant Robert Amen and respondents Thompson "were the owners of [the] 1964 Ford pickup" and "were signatories to [Cecil Amen's] application for a driver's license." [1]

On August 31, 1976, respondents Thompson moved for summary judgment, supporting their motion by the affidavit of Edith Thompson. The affidavit and attached exhibit disclose that neither Edith Thompson nor Brent Thompson had signed the driver's license application of Cecil Amen. Appellant filed an affidavit in opposition to the motion for summary judgment; this affidavit in relevant part states:

> "At the time of the incident, Cecil Amen was under the care, supervision and control and in the custody of Edith Thompson and Brent Thompson."

After noting that public records show that Robert Amen had signed Cecil Amen's driver's license application, and that Robert Amen held title to the pickup on October 21, 1975, the district court granted the motion for summary judgment, dismissing the action against respondents Thompson. The trial court subsequently entered the certification required by I.R.C.P. 54(b) and the judgment was made final. This appeal is from that judgment. We affirm.

On appeal appellant admits that respondents Thompson are neither owners of the vehicle nor signatories of Cecil Amen's driver's license application. Appellant, however, maintains that the complaint and above-quoted affidavit state a claim against respondents Thompson based upon their independent negligence in failing to control Cecil Amen. Appellant argues that the district court erred in failing to consider this theory of liability in ruling on the motion for summary judgment.

The record does not disclose, nor does the complaint allege, directly or otherwise, that appellant sought recovery of damages as a result of the independent negligence of respondents Thompson. The only plausible interpretation of appellant's complaint is that he sought to impute the negligence of Cecil Amen to the respondents Thompson. This was, therefore, the only theory of liability before the district court on motion for summary judgment.

Nor do we agree that a liberal reading of appellant's affidavit submitted in opposition to the motion for summary judgment presents a theory of parental negligence because respondents Thompson failed to control Cecil Amen's actions. The affidavit merely states that Cecil Amen was under the "care, supervision and control" of respondents. This is insufficient to present an issue of independent negligence on the part of respondents Thompson.

Judgment affirmed. Costs to respondents Thompson.

DONALDSON, SHEPARD, BAKES and BISTLINE, JJ., concur.

---

1. Idaho Code § 49-1404(1) provides that the negligence of any person using an owner's vehicle, with the owner's express or implied permission, shall be imputed to the owner for purposes of imposing civil damages.

   Under I.C. § 49-313(a), all applicants seeking an Idaho driver's license, under the age of eighteen, must obtain the signature of their parents or other responsible person on their driver's license application. Any negligence or wilful misconduct of the minor is imputed to the driver's license signatory. I.C. § 49-313(b).